WILLIAM ANGUS *vs.* THE CITY OF HARTFORD.
PATRICK McKONE *vs.* THE CITY OF HARTFORD.

First Judicial District, Hartford, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An amendment to a city charter relating to the assessment of benefits
    for a local public improvement, must be construed in view of
    existing provisions on that subject.
The street commissioners of Hartford, acting under an amendment to
    its charter, voted to pave with asphalt a certain street between
    designated points, and to assess two thirds of the expense thereof
    upon the abutting property-owners, who were notified of the con-
    templated improvement as required by the city charter. Subse-
    quently this action was reconsidered and rescinded, and, without
    any notice to the abutting property-owners, votes were passed
    which materially reduced the distance to be paved and changed the
    persons and property assessable for such pavement. *Held* that
    inasmuch as the subsequent votes related to a different improve-
    ment, in contemplation of law, from that originally ordered and
    rescinded, notice thereof was an essential requisite; and that for
    lack of such notice the assessment based on these votes was void.

Argued May 7th—decided May 29th, 1901.

ACTIONS to restrain the defendant from collecting an as-
sessment for asphalt street paving and enforcing a lien there-
for upon the premises of the respective plaintiffs, brought to
the Court of Common Pleas in Hartford County and re-
served by that court, *Case, J.*, upon demurrers to the com-
plaints, for the consideration and advice of this court.
*Judgment overruling demurrers advised.*

The material parts of the complaint are the same in each
of these cases. The demurrer and the reasons assigned are
also the same.

In the first-named case the amended complaint is as fol-
lows: " *First Count.* 1. Plaintiff was on or about the 20th
day of June, 1900, and still is, the owner in fee of certain
land in the city of Hartford with the buildings thereon, sit-
uated on the south side of Capitol Avenue, 250 feet; east

by land of Trinity College, 197 feet; south in part by other land of plaintiff, and in part by land of Charles A. Zipp, in all 212.35 feet, and west in part by said land of Charles A. Zipp, 45 feet, and in part by Oak Street, 183.6 feet. 2. On or before November 22d, 1900, the defendant, claiming to act under and by virtue of a Special Act of the State of Connecticut, entitled 'An Act amending the Charter of the City of Hartford,' Special Acts, 1895, p. 617, as amended by Special Act approved June 20th, 1899, Special Acts, 1899, p. 504, finished paving Capitol Avenue from the west line of Lafayette Street to the Park River with asphalt, at a total cost of $27,267.86. 3. One third of the said total cost was assessed by defendant under said Act against the owners of the premises situated and abutting on the south side of Capitol Avenue, paved with asphalt, as aforesaid; and plaintiff was assessed on November 26th, 1900, by the defendant in the sum of $459.82, being his proportionate share of said one third of the total cost of said improved paving, on the basis of the number of front feet of land abutting on said south side of said Avenue and owned by him, in proportion to the entire frontage of land on the south side of said Avenue paved with asphalt under said resolution, as aforesaid. 4. Said Act makes no provision for an apportionment of said costs according to the special benefits actually accruing to the abutting land, but provides for an assessment without reference to the actual beenfits conferred, and simply for a mathematical division of the total cost on the owners of the abutting land in proportion to the number of front feet owned by them respectively. Nor does said Act provide for a hearing to determine any such benefits, and the plaintiff was not in fact heard, and had no opportunity to be heard in reference to the benefits assessed upon his land. Said assessment was made against plaintiff without hearing on the basis of a proportionate cost of the entire paving in the ratio of front feet of land owned by him and abutting on said Avenue to the entire length of paving on said Avenue, and against plaintiff's protest to defendant. 5. The defendant is threatening to collect said assessment, and as a step

Angus v. Hartford.

in such collection has caused a lien to be filed upon the land records of the town of Hartford against the aforesaid property of the plaintiff, to secure the amount of said assessment, which lien is a cloud upon the plaintiff's title, and which the defendant will enforce unless restrained by injunction.

"*Second Count.* 1. Paragraph 1 of the first count is hereby made a part of this count. 2. On or about February 14th, 1900, said Capitol Avenue from Main Street to the Park River was selected by the defendant, acting through its board of street commissioners, to be paved with asphalt during the season of 1900. 3. Notice was given by publication in the daily newspapers of the city, and, so far as practicable, by written or printed notice addressed to the property-owners interested at their known place of abode, and deposited in the post-office, postage paid, at least ten days before any action was taken, as by law provided. 4. On or about June 13th, 1900, the defendant, through its board of street commissioners, purporting to act under the aforesaid Special Act, passed votes ordering Capitol Avenue paved with asphalt from Main Street to Park River, and assessing two thirds of the expense of said pavement upon abutting property-owners. 5. On or about June 20th, 1900, the votes of June 13th were reconsidered and rescinded, and without any further notice by publication or written or printed notice as above set out, votes were passed ordering Capitol Avenue paved from the west line of Lafayette Street to Park River. 6. On or about June 27th, 1900, the votes aforesaid were submitted to and approved by the court of common council. 7. On or about November 26th, 1900, the defendant, still claiming to act under and by virtue of the Special Act aforesaid, made an assessment on the plaintiff's land aforesaid, to pay a portion of the cost of said pavement, to wit, $459.82. 8. Paragraph 5 of the first count is hereby made a part of this count.

" The plaintiff claims: 1. An injunction to restrain the defendant from taking any steps to collect said assessment against plaintiff's property, and from enforcing the lien so filed against the plaintiff's land above mentioned. 2. A

decree vesting title to the land aforesaid in the plaintiff free from the incumbrance of said record of lien. 3. Such other and further relief as to equity may appertain or the circumstances may warrant."

The defendant demurred to the plaintiff's amended complaint, because: "1. The said complaint alleges no sufficient ground or reason for the interposition of a court of equity in behalf of the plaintiff, as set forth in the plaintiff's claims. 2. The defendant, in making said assessment, it appears, complied with all the terms of the resolution amending the charter of the city of Hartford, approved July 4th, 1895, as the same was amended by the resolution amending the charter of the city of Hartford approved June 20th, 1899. 3. That said notice, given as set forth in the third paragraph of the second count of the complaint, was sufficient notice of the selection of Capitol Avenue for paving from Main Street to Park River, under section first of the said resolution, approved June 20th, 1899, and under said notice the defendant had the right to pave the whole or any part of said avenue, and assess the same, without giving any additional notice for paving any part thereof. 4. It does not appear that the said second assessment for said street paving was in any greater proportion per front foot than in the said first assessment, or that any greater burden was placed upon the plaintiff, or that injury was suffered by said second assessment. 5. The lien filed, mentioned in the fifth paragraph of the first count of said complaint, was so filed in compliance with the first section of the said resolution, approved July 4th, 1895. 6. It does not appear that the plaintiff has been deprived of any of the rights under the said resolutions amending the charter of the city of Hartford, or that he has any ground of complaint against the defendant."

Those parts of the charter of the city of Hartford which it is necessary to consider are printed in the footnote.*

---

6 Special Laws, p. 314.

"§ 1. The court of common council of the city of Hartford shall have exclusive power to lay out, make and establish within said city, new highways, streets, . . . and to cause to be made, and repaired and

Angus v. Hartford.

*William J. McConville*, for the defendant.

*Arthur L. Shipman*, for the plaintiff (William Angus).

altered, highways, streets, . . . within said city, . . . and whenever any public work . . . shall have been lawfully laid out or altered by the court of common council, said court may assess the whole or any part of the expenses of laying out, altering, . . . upon the persons whose property is, in the judgment of said court of common council, specially benefited thereby, and estimate the proportion of such expense which said persons shall respectively defray, and enforce the collection of the same, or may, if they deem proper, assess the expense of any such public work directly upon land benefited thereby; . . . *provided, always*, that before taking any land or private property for any of the public uses aforesaid, said court shall agree with the owner or owners thereof as to the damage done thereby, . . . which shall be the actual damage done to the property of such owner or owners by taking such land or private property, without deducting therefrom any benefits on account of such public work, and shall pay to or deposit the same for the benefit of such owner or owners; *and provided further*, that it shall be the duty of said court to enact ordinances containing suitable provisions for giving notice to all persons interested in any property so taken, of the proceedings of said court in that behalf, and of the appraisal of damages."

Section 3 of the same Act provided for an appeal by any person aggrieved by any assessment of benefits, to commissioners of relief. An Act in 6 Special Laws, p. 743, amends the charter of Hartford, by providing for the election of a board of street commissioners, and provides that the said board shall have all the powers of the court of common council in reference to the appraisal of damages and assessment of betterments. 7 Special Laws, p. 527, provides that the judge of the Court of Common Pleas shall be the tribunal to entertain such appeal.

8 Special Laws, p. 111, as amended by the Special Laws of 1899, reads as follows: "Section 1. Before any public work or improvement, for the cost of which the city of Hartford under its charter may assess benefits, shall be laid out or constructed, the cost of the same, including damages to be paid, shall be ascertained by the court of common council of said city, and all benefits to be paid by the persons to be benefited thereby shall be ascertained as follows: The vote or resolution proposing the laying out or construction of such work or improvement shall be, by said court of common council, referred to the board of street commissioners of said city, who shall first estimate the cost of the construction of such work or improvement, and shall also appraise the damages to be paid to any person for land, or any interest therein, taken for such improvement, and shall also assess the said cost of construction, and the amount of said damages, upon the persons

*Edward L. Smith* and *John J. McKone*, for the plaintiff (Patrick McKone).

ANDREWS, C. J. The plaintiff is the owner of land abutting on Capitol Avenue in Hartford. The city paved that street with asphalt, made an assessment for benefits upon the abutting lands, and has caused a lien to be filed in the town records of the town of Hartford upon and against the land of the plaintiff to secure the payment of his said assessment. The complaint avers that the assessment is illegal and void, and claims an injunction to restrain any steps to collect it, or to foreclose the said lien. The city demurred to the complaint. The question of what judgment shall be rendered upon the demurrer is reserved for the advice of this court.

The complaint alleges two distinct grounds of action.

*First.* That the assessment was made under the Special Act

---

benefited thereby in the manner now provided in the charter and ordinances of said city, and all appeals therefrom shall be taken, and all proceedings had thereon, as now by law provided. Upon the completion of such proceedings the board of street commissioners shall report the same to the said court of common council with their recommendations, and said court of common council may thereupon direct the layout or construction of such work or improvement at its discretion.

"Sec. 2. Upon the final lay-out or completion of the construction of any such public work, the board of street commissioners shall give notice thereof, and that said benefits are due and payable, by publication twice in two daily newspapers published in said city, and all benefits assessed therefor shall be immediately due and payable. If the actual cost of the construction of any public work shall be less than the sum estimated by the board of street commissioners and assessed upon the parties benefited, each of the parties so assessed shall be entitled to a proportionate deduction from his assessment. Said benefits shall be a lien upon the land on account of which they were assessed, which said lien shall commence and attach to said land from the time of the passage by the court of common council of the vote laying out or ordering the construction of said work; *provided*, that the same shall not remain a lien thereon for a longer period than three months from the final lay-out or completion of such work or improvement, unless the board of street commissioners shall within the time lodge with the town clerk of the town of Hartford for record a certificate, signed by the clerk of said board, describing the premises, the amount assessed, and the improvement for which it was assessed."

of 1895 (Special Laws of 1895, p. 617, as amended by Special Laws, 1899, p. 504), and the city apportioned the amount of benefits assessed between the persons benefited, upon the basis of the number of feet of land owned by each abutting proprietor in proportion to the entire frontage upon that portion of the street paved; and that the plaintiff had no opportunity to be heard in reference to the benefits assessed upon his land, and was not in fact heard. It also alleges, as a fact, the conclusion of law that the Special Act authorizes an assessment in such manner; and the plaintiff's grievance is based on this assumption.

The Special Act is an amendment to the city charter, and must be construed in view of the existing charter provisions as to the assessment of betterments; while it may to some extent modify those provisions, we incline to think it substantially leaves them in force and applicable to the assessment for street pavements authorized by the Act. The decisive questions as to this ground of action are not presented by the complaint and demurrer with requisite clearness. Before we were asked to pass judgment by way of advice, the complaint should have been reformed, the allegations of law stricken out, and those of fact made more definite. This is immaterial, however, inasmuch as our opinion upon the other ground of action must finally dispose of this case.

*Second.* The complaint further alleges, that the vote ordering the street in question to be paved, and the vote assessing the abutting property-owners, including the plaintiff, were passed without giving the notice required by the Special Act to property-owners interested. The complaint avers that the board of street commissioners of Hartford, which in this connection means the city itself, on or about the 14th day of February, 1900, selected Capitol Avenue from Main Street to the Park River to be paved with asphalt during the season of 1900; that notice was given by publication in the daily newspapers of the city, and, so far as was practicable, by written notices, addressed to the property-owners interested at their own places of abode, and deposited in the post-office postage paid, at least ten days before any action was taken,

as by law provided; that on June 13th, 1900, the street commissioners passed votes ordering Capitol Avenue to be paved with asphalt from Main Street to Park River, and assessing two thirds of the expense of said pavement upon the abutting property-owners; that on or about June 20th, 1900, the said votes of June 13th were reconsidered and rescinded, and that without any further notice by publication, or written or printed notice as above set out, votes were passed ordering Capitol Avenue to be paved from the west line of Lafayette Street to Park River; that on or about June 27th, 1900, these votes of June 20th were submitted to and approved by the court of common council; that on or about November 26th, 1900, the city made an assessment upon the plaintiff's land to pay a portion of the cost of said pavement (to wit, $459.82).

These averments are all admitted by the demurrer, and because of these averments we think the demurrer should be overruled.

It was competent, without any doubt, for the street commissioners on June 13th, 1900, to pass votes ordering Capitol Avenue to be paved from Main Street to the Park River and assessing two thirds of the expense on the abutting landowners. A taxing district had been fixed and the persons who were or ought to be subject to the assessment had been made known, and due notice had been given to all such persons. These votes, however, were on June 20th reconsidered and rescinded. The whole matter then was in the condition it was before any votes at all had been made. Subsequent votes ordering Capitol Avenue to be paved from the west line of Lafayette Street to Park River were passed without notice by publication or by mail to the plaintiff. These votes related to a different taxing district from the one embraced by the votes of June 13th. Different persons were affected by the assessment. The apportionment of the benefits and expenses was different. It was a new matter; in legal contemplation different from the one dealt with by the former votes. The charter required the board of street commissioners to give notice before passing these votes, just as much as before the passage of the votes of the 13th; and, as they

omitted to give any notice, we think they omitted an essential requisite, and that these votes are without any binding force. The assessment is void.

The Court of Common Pleas is advised to overrule the demurrer.

The same advice is given in the McKone case.

In this opinion the other judges concurred.